## GEORGE W. CASWELL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13878. Promulgated November 6, 1928.

*W. W. Spalding, Esq.*, for the petitioner.
*Brice Toole, Esq.*, for the respondent.

OPINION.

TRAMMELL: This proceeding originally involved deficiencies in income and profits taxes for the years 1920 and 1921, one issue only being raised with respect to the deficiency asserted for each of said years. On motion of the respondent, duly made and granted without objection by the petitioner, the hearing herein was confined to the issue defined in Rule 62 (b) with respect to the deficiency for 1921, the issue relating to the deficiency for the year 1920 having been abandoned.

The sole remaining issue presented for consideration is whether the petitioner is entitled to special assessment of its profits tax for the calendar year 1921 under the provisions of sections 327 and 328 of the Revenue Act of that year. At the hearing it was stipulated that the respondent denied special assessment of the petitioner's profits tax for said year, and this fact is further established by affirmative allegation in the petition and admission in the answer.

The Revenue Act of 1921 provides in material part as follows:

SEC. 327. That in the following cases the tax shall be determined as provided in section 328:

(a) Where the Commissioner is unable to determine the invested capital as provided in section 326.

The evidence adduced by the petitioner shows that it was organized in 1901 to carry on the business of importing, blending, roasting, and grinding coffees, importing and blending teas, manufacturing baking powders and flavoring extracts, and handling spices and olive oil. Shortly after its incorporation, the petitioner acquired from another company three established brands known as "Turco," "Red Seal," and "Mountaineer." It thereafter registered other trade-marks or special brands for its products, as set forth in our findings of fact, and expended large sums of money in advertising and creating a market for said brands, and in the establishment and extension of sales routes. During the years from 1906 to 1920, inclusive, the petitioner expended the aggregate amount

of $294,539.47 for route extensions and advertising special brands and creating new markets, all of which was charged to expense.

Largely as a result of its advertising expenditures, the petitioner's brand sales increased from $158,973.80 in 1909 to $974,077.48 in the taxable year 1921. In 1909 the petitioner's brand sales constituted approximately 66 per cent of its gross sales, whereas in 1921 approximately 84 per cent of its gross sales were made under its special brands. It is apparent, therefore, that to a substantial extent the income derived by the petitioner in the taxable year is attributable to its prior advertising expenditures.

Sums expended by a corporation in advertising its products, designed to aid promotion and effect expansion of its business, undoubtedly constitute in material part a capital investment. It is equally true, however, that some part of such expenditures must be regarded as the cost of maintenance and hence not a capital investment but an operating expense properly chargeable against current income. Where no reasonable basis is established for the allocation of such expenditures between capital and expense, no part thereof may be included in invested capital. *Northwestern Yeast Co.*, 5 B. T. A. 232; *Colonial Ice Cream Co.*, 7 B. T. A. 154.

The expenditures of the petitioner herein constituted to a substantial extent investments in capital assets which have not been and can not be included in invested capital, but which nevertheless contributed materially to the production of the taxable income. This is strikingly shown by the rapid increase in the petitioner's brand sales, which in 1921 constituted 84 per cent of its gross sales.

In *Northwestern Yeast Co., supra*, we expressed the view that advertising expenditures comprising a campaign or system of promotion might in part be of permanent significance and properly regarded as a capital investment, but we held that where no reasonable basis was presented upon which an allocation could be predicated, no part of such expenditures could be capitalized, and in that connection, we said:

The impossibility of finding the portion to be capitalized brings the case squarely within section 327, Revenue Act of 1918, * * *

In our opinion, therefore, the facts in the present case bring the petitioner within the scope of section 327 (a) of the Revenue Act of 1921, *supra*, and entitle it to have its tax determined in accordance with the provisions of section 328 of said Act, upon the ground that its invested capital can not be determined as provided in section 326.

Reviewed by the Board.

*Judgment will be entered under Rule 62 (c).*